IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES, | No. 2:23-CV-0853-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF DEPARTMENT, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 3.

   The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. According to Plaintiff, appointment of counsel is warranted because: (1) Plaintiff is unable to afford counsel; (2) Plaintiff's incarceration will limit his ability to litigate; (3) Plaintiff predicts the trial will involve conflicting testimony and believes counsel would help Plaintiff to present evidence and perform examinations; and (4) Plaintiff has made repeated efforts to obtain a lawyer. See ECF No. 3, pgs. 1-2. The Court finds these circumstances are not exceptional but represent circumstances common to almost every prisoner bringing a lawsuit in federal court.

While there is not enough information for the Court to determine the likelihood of success at this early stage in the proceedings, the Court finds that Plaintiff's complaint demonstrates his ability to articulate his own claims. See ECF No. 1. Furthermore, the Court finds that Plaintiff's facts and legal issues are not so complex as to require counsel. See id.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 3, is denied.

Dated: June 23, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE