IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES, | No. 2:23-CV-0853-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 10.

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff initiated this action with a pro se complaint filed on May 08, 2023, followed by a first amended complaint filed as of right on June 29, 2023. See ECF No. 1, 10. Plaintiff now names the following as defendants: (1) Sacramento County Sheriff's Department (SCSD); (2) County of Sacramento Board of Supervisors; (3) SCSD Deputy Richardson; (4) SCSD Deputy Banks; (5) SCSD Deputy Friedrichs; (6) SCSD Lieutenant Braden Culp; (7) SCSD Records Officer Powell; (8) SCSD Deputy Ahmad; (9) SCSD Deputy Zakrzewski; (10) SCSD Deputy Bonde; and (11) SCSD Records Officer Payne. See id., pgs. 1, 3-6. Plaintiff also lists several unnamed "Doe" defendants. See id. Plaintiff alleges seven claims for relief.

Claim I

In his first claim, Plaintiff alleges that Defendants Powell and Ahmad retaliated against Plaintiff for seeking redress through the inmate grievance system. See id. at 7-10. On November 30, 2022, Plaintiff submitted a grievance to Defendant Ahmad in response to a grievance submitted by SCSD Sergeant Jacobs. See id. Later that day, Defendant Powell told Plaintiff that he could not appeal Sergeant Jacob's grievance because of a change in policy. See id. at 7-8. Plaintiff confirmed that the grievance appeal policy had not changed. See id. at 8. On December 10, 2022, Defendants Ahmad and Powell knowingly opened a confidential letter that contained protected health information. See id. Plaintiff filed another grievance. See id. Later that day, Defendants Ahmad and Powell moved Plaintiff to a restricted Housing Unit, 5 West 100

2

1  POD. See id. at 9.

2  Claim II

3  The second claim concerns Defendant Richardson's confiscation of Plaintiff's eyeglasses, which Plaintiff requires due to disability. See id. at 11-13. Upon being moved, Defendants Richardson and Banks instructed Plaintiff to leave his property for inspection. See id. at 11. Later that day, the property was returned except for Plaintiff's glasses, which Defendant Richardson reported as having metal in them and confiscated. See id. at 11-12. Plaintiff filed a grievance and contacted Compliance. See id. at 12. On December 14, 2022, Defendant Bonde, the Compliance Officer, showed Plaintiff the metal removed from his glasses, two small lightning bolts, which Plaintiff denied coming from his "black plastic framed glasses." See id. It is unclear whether Plaintiff's glasses were ever returned to him after the metal was removed.

12  Claim III

13  The third claim concerns the failure of the Sacrament County Sheriff's Department to correct Defendant Richardson's actions alleged in Claim II. See id. at 14-15. Plaintiff claims the actions of Defendant Richardson and Defendant Bonde violated the Americans with Disabilities Act (ADA), and the Sacramento County Sheriff's Department should, therefore, be liable. See id.

18  Claim IV

19  The fourth claim alleges that Defendant Richardson maliciously failed to comply with Plaintiff's medical restrictions. See id. at 16-19. Plaintiff has a bottom bunk medical restriction and, when moved on December 10, 2022, Plaintiff was forced to sleep on the top bunk. See id. at 16. Plaintiff claims Defendants Richardson and Banks verbally confirmed Plaintiff had a lower bunk restriction when none was recorded. See id. Plaintiff claims to have almost fallen several times and resorted to sleeping on the floor. See id. at 17. Plaintiff continued to request a move and was denied by Defendants Richardson and Banks. See id.

26  ///
27  ///
28  ///

On December 11, 2022, Plaintiff submitted a grievance regarding the noncompliance with Plaintiff's medical restrictions. See id. The next day, Plaintiff requested to move to a newly opened lower bunk but was told no, and two non-medical inmates moved into the bunk. See id. In the following days, Plaintiff alleges that Defendant Jane Doe would open the cell door forcefully, purposefully hitting Plaintiff's head while lying on the ground, waking Plaintiff every hour. See id. at 17-18. Plaintiff notified Compliance that his toe was injured from sleeping on the floor, but Compliance did not respond. See id. at 18.

On December 17, 2022, Plaintiff wrote a grievance stating that urine was splashing on him while he was forced to sleep on the floor. See id. The following two days, Plaintiff would sleep on the desk due to fear of infection from the urine and the injured toe. See id. On December 17, 2022, Defendant Richardson responded to the filed grievance but did not address Plaintiff's low-bunk restriction. See id. On December 21, 2022, Plaintiff claims Compliance Officer Biugi identified that Plaintiff's grievance regarding medical restriction was ADA related, noting that Plaintiff has a "lower bunk chrono." Id. at 19.

Claim V

The fifth claim asserts that the County of Sacramento failed to correct Defendant Richardson's illegal actions. See id. at 20-23. After the move, Plaintiff claims that Defendant Richardson took more property in addition to not allowing Plaintiff the proper number of mattress pads and blankets according to his medical restrictions. See id. at 21-22. Plaintiff claims this property consisted of three boxes of discovery, allowed by the prison policy, and one box belonging to his cellmate. See id.

Claim VI

The sixth claim concerns legal mail. See id. at 24-26. On April 4, 2023, Plaintiff wrote a grievance claiming that his legal mail was being returned to the sender without informing Plaintiff. See id. On April 20, 2023, Plaintiff showed multiple envelopes that had been returned to the courthouse, and Defendant Friedrichs stated that if mail had been returned, it would have a "return to sender stamp," which was not present on the envelopes presented by Plaintiff. See id. at 24-25. On May 6, 2023, a Compliance Officer responded to the grievance, stating that Defendant

4

1  Friedrichs's response was sufficient. See id. at 25.

2          Claim VII

3          The seventh claim concerns Plaintiff's freedom of speech and whether that is
4  being restricted through the grievance process. See id. at 27. On May 2, 2023, Plaintiff claims to
5  have received two letters from the Internal Revenue Service, which came from the same address
6  but contained different control numbers, which Plaintiff claims is impossible. See id. Plaintiff
7  submitted a grievance concerning this issue, which the Compliance Unit did not investigate. See
8  id. On May 6, 2023, Plaintiff supplied envelopes with the "return to sender" stamp that goes on
9  mail being returned as proof that Defendant Friedrichs lied about returning Plaintiff's legal mail.
10 See id. at 28.

11

12          **II.  DISCUSSION**

13          Plaintiff states cognizable retaliation claims in Claim I against Defendants Powell
14  and Ahmed, who allegedly retaliated against Plaintiff for seeking redress through the inmate
15  grievance system.  Plaintiff also states cognizable deliberate indifference claims in Claim IV
16  against Defendants Richardson and Banks for allegedly ignoring Plaintiff's lower-bunk medical
17  restriction.

18          For the reasons discussed below, Plaintiff has not otherwise stated cognizable
19  claims.  Claim II does not present a cognizable deliberate indifference claim against Defendants
20  Richardson, Banks, or Bonde because it is unknown whether they knew Plaintiff's glasses
21  contained prescription lenses or whether the glasses were returned to Plaintiff following removal
22  of the lightning bolts.  Claim II also does not present a cognizable due process claim relating to
23  confiscation of property because adequate state post-deprivation remedies exist.  Claim III does
24  not state a cognizable claim against the Sacrament County Sheriff's Department, which is an arm
25  of a municipal entity, because Plaintiff does not allege a municipal custom or policy which
26  resulted in a violation of his rights.  For the same reason, Claim V does not present a cognizable
27  claim against Sacramento County.  Claim VI does not present a cognizable claim against
28  Defendant Friedrichs relating to Plaintiff's legal mail being returned because there is no First

Amendment right to receive mail from the courts. Claim VII is defective because Plaintiff cannot proceed on a stand-alone claim related to the grievance process. Finally, though Plaintiff names the Sacramento County Board of Supervisors, Payne, Zakrzewski, and Clup as defendants to this action, the first amended complaint does not appear to contain allegations specific to these defendants.

### A. Deliberate Indifference

In Claim II, Plaintiff alleges deliberate indifference by Defendants Richardson, Banks, or Bonde with respect to confiscation of his prescription eyeglasses.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and

6

wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Here, the Court finds that Plaintiff has not alleged facts sufficient to establish the objective prong of an Eighth Amendment deliberate indifference claim. Specifically, while Plaintiff alleges that his eyeglasses contain prescription lenses, which would make them arguably a medical necessity, Plaintiff does not allege that Defendants Richardson, Banks, or Bonde knew Plaintiff's glasses contained prescription lenses. Thus, Plaintiff has not alleged a deprivation sufficient serious as to result in denial of the minimal civilized measure of life's necessities. Further, it is unknown whether Plaintiff's glasses were returned after the lightning bolts were removed as contraband, thus undermining the subjective prong which required Plaintiff to show that defendants' conduct was wanton. Plaintiff will be provided a further opportunity to amend.

/ / /

/ / /

**B.      Confiscation of Property**

In Claim II, Plaintiff alleges that his prescription eyeglasses were confiscated. To the extent they were never returned, and Plaintiff intends to pursue a due process claim based on confiscation of his property, such a claim is not cognizable.

Where a prisoner alleges the deprivation of a liberty or property interest caused by the random and unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983. See Hudson, 468 U.S. at 531 n.11. A due process claim is not barred, however, where the deprivation is foreseeable and the state can therefore be reasonably expected to make pre-deprivation process available. See Zinermon, 494 U.S. at 136-39. An available state common law tort claim procedure to recover the value of property is an adequate remedy. See id. at 128-29.

Here, any property claim related to confiscation of Plaintiff's eyeglasses is not cognizable because California provides an adequate post-deprivation remedy through the torts claims process. Further, it appears that the Sacramento County Jail where Plaintiff was housed at the time his eyeglasses were confiscated for removal of the lightning bolts has a Compliance Unit which allowed Plaintiff to raise the issue of confiscated property.

**C.      Legal Mail**

In Claim VI, Plaintiff alleges that Defendant Friedrichs violated his First Amendment rights related to legal mail when mail from the court was returned without Plaintiff's knowledge.

Prisoners have a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Prison officials may intercept and censor outgoing mail concerning escape plans, proposed criminal activity, or encoded messages. See Procunier v. Martinez, 416 U.S. 396, 413 (1974); see also Witherow, 52 F.3d at 266. Based on security concerns, officials may also prohibit correspondence between inmates. See Turner v.

8

1   Safley, 482 U.S. 78, 93 (1987).  Prison officials may not, however, review outgoing legal mail for
2   legal sufficiency before sending them to the court.  See Ex Parte Hull, 312 U.S. 546, 549 (1941).
3   Incoming mail from the courts, as opposed to mail from the prisoner's attorney, for example, is
4   not considered "legal mail."  See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended
5   by 135 F.3d 1318 (9th Cir. 1998).

6         Plaintiff's claim against Defendant Friedrichs is not cognizable because mail from
7   the courts is not considered legal mail.

8       **D.**    **Grievance Process**

9         In Claim VII, Plaintiff alleges that the grievance process is inadequate because it
10  hasn't resulted in redress of the various issues he has presented.

11        Prisoners have no stand-alone due process rights related to the administrative
12  grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v.
13  Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling
14  inmates to a specific grievance process).  Because there is no right to any particular grievance
15  process, it is impossible for due process to have been violated by ignoring or failing to properly
16  process grievances.   Numerous district courts in this circuit have reached the same conclusion.
17  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly
18  process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863
19  (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address
20  grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL
21  29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process
22  a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967
23  (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function
24  properly failed to state a claim under § 1983).  Prisoners do, however, retain a First Amendment
25  right to petition the government through the prison grievance process.  See Bradley v. Hall, 64
26  F.3d 1276, 1279 (9th Cir. 1995).  Therefore, interference with the grievance process may, in
27  certain circumstances, implicate the First Amendment.
28  / / /

1           Here, Plaintiff has not alleged interference with the grievance process, and
2  Plaintiff has no stand-alone right to any particular grievance process or remedy.

3           **E.      Municipal Liability**

4           In Claims III and V, Plaintiff names as defendants the Sacramento County
5  Sheriff's Department and Sacramento County.  Plaintiff alleges that these municipal entities are
6  liable for the conduct of the individual deputies.

7           Municipalities and other local government units are among those "persons" to
8  whom § 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).
9  Counties and municipal government officials are also "persons" for purposes of § 1983.  See id.
10 at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local
11 government unit, however, may not be held responsible for the acts of its employees or officials
12 under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S.
13 397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not of
14 the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the
15 plaintiff must allege that the constitutional deprivation complained of resulted from a policy or
16 custom of the municipality.  See id.

17          Here, Plaintiff has not alleged the existence of any custom or policy which resulted
18 in the violation of Plaintiff's rights by individual deputies.  Plaintiff will be provided one further
19 opportunity to amend to cure this defect, if possible.

20          **F.      Remaining Defendants**

21          Plaintiff has named the Sacramento County Board of Supervisors, Payne,
22 Zakrzewski, and Culp as defendants to this action.

23          To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual
24 connection or link between the actions of the named defendants and the alleged deprivations.  See
25 Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A
26 person 'subjects' another to the deprivation of a constitutional right, within the meaning of
27 § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform
28 an act which he is legally required to do that causes the deprivation of which complaint is made."

1   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

2   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

3   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

4   specific facts as to each individual defendant's causal role in the alleged constitutional

5   deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

6   Here, Plaintiff does not include facts to create a causal link between the

7   Sacramento County Board of Supervisors, Payne, Zakrzewski, and Culp and violations of

8   Plaintiff's rights. Plaintiff will be provided leave to amend to allege facts specific to the remaining

9   named defendants and how each caused or contributed to a violation of Plaintiff's constitutional

10  or statutory rights.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

///

///

Case 2:23-cv-00853-KJM-DMC   Document 16   Filed 06/14/24   Page 12 of 12

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated:  June 14, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

12