IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>Defendants. | No. 2:23-CV-0853-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 10. On June 14, 2024, the Court issued an order addressing the sufficiency of Plaintiff's first amended complaint. See ECF No. 16. The Court determined that the first amended complaint states cognizable retaliation claims, as outlined in Claim I, against Defendants Powell and Ahmad, who allegedly retaliated against Plaintiff for seeking redress through the inmate grievance system. See id. at 5. The Court also determined that the first amended complaint states cognizable deliberate indifference claims, as outlined in Claim IV, against Defendants Richardson and Banks, who allegedly ignored Plaintiff's lower-bunk medical restriction. See id.

///

As to the remaining claims and defendants, the Court stated:

> . . . Plaintiff has not otherwise stated cognizable claims. Claim II does not present a cognizable deliberate indifference claim against Defendants Richardson, Banks, or Bonde because it is unknown whether they knew Plaintiff's glasses contained prescription lenses or whether the glasses were returned to Plaintiff following removal of the lightning bolts. Claim II also does not present a cognizable due process claim relating to confiscation of property because adequate state post-deprivation remedies exist. Claim III does not state a cognizable claim against the Sacrament County Sheriff's Department, which is an arm of a municipal entity, because Plaintiff does not allege a municipal custom or policy which resulted in a violation of his rights. For the same reason, Claim V does not present a cognizable claim against Sacramento County. Claim VI does not present a cognizable claim against Defendant Friedrichs relating to Plaintiff's legal mail being returned because there is no First Amendment right to receive mail from the courts. Claim VII is defective because Plaintiff cannot proceed on a stand-alone claim related to the grievance process. Finally, though Plaintiff names the Sacramento County Board of Supervisors, Payne, Zakrzewski, and Clup as defendants to this action, the first amended complaint does not appear to contain allegations specific to these defendants.

Id.

The Court afforded Plaintiff an opportunity to file a second amended complaint within 30 days addressing the claims found to be non-cognizable. See id. at 11-12. Plaintiff was informed that, if no second amended complaint was filed within the time permitted therefor, the action would proceed on the cognizable claims against Defendants Powell, Ahmad, Richardson, and Banks, as identified in the June 14, 2024, order, and the Court would recommend dismissal of all other claims and defendants. See id. To date, more than 30 days have passed, and Plaintiff has not filed a second amended complaint. The Court will now recommend dismissal of all claims and defendants except Plaintiff's retaliation claims against Defendants Powell and Ahmad, and Plaintiff's deliberate indifference claims against Defendants Richardson and Banks.

///
///
///
///
///
///

Based on the foregoing, the undersigned recommends as follows:

1. This action proceed on Plaintiff's first amended complaint on his retaliation claims against Defendants Powell and Ahmad, as outlined in Claim I, and his deliberate indifference claims against Defendants Richardson and Banks, as outlined in Claim IV.

2. All other claims and defendants be dismissed with prejudice for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 1, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE