1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RONALD EUGENE JAMES,                    No.  2:23-CV-0853-DC-DMC-P

12                    Plaintiff,

13         v.                                 FINDINGS AND RECOMMENDATIONS

14   RICHARDSON, et al.,

15                    Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.   Pending before the Court are Plaintiff's motions for injunctive relief.  See

19   ECF Nos. 37 and 38.

20          The legal principles applicable to requests for injunctive relief, such as a

21   temporary restraining order or preliminary injunction, are well established.  To prevail, the

22   moving party must show that irreparable injury is likely in the absence of an injunction.  See

23   Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.

24   Def. Council, Inc., 129 S.Ct. 365 (2008)).  When a mandatory injunction is sought – one that goes

25   beyond simply maintaining the status quo during litigation – the moving party bears a "doubly

26   demanding" burden and must establish that the law and facts clearly supports injunctive relief.

27   See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (en banc).  Mandatory injunctions

28   are "particularly disfavored" and "should not issue in doubtful cases."  Id. (internal quotations

                                               1

1    omitted).

2              To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely

3    on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."

4    Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under

5    Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits;

6    (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of

7    hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d

8    at 1127 (citing Winter, 129 S.Ct. at 374).  The Ninth Circuit also recognizes an additional

9    standard: "if a plaintiff can only show that there are 'serious questions going to the merits' – a

10   lesser showing than likelihood of success on the merits – then a preliminary injunction may still

11   issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two Winter

12   factors are satisfied.'"  See Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir.

13   2013) (quoting Alliance for the Wild Rockies v. Cottress, 632 F.3d 1127, 1135 (9th Cir. 2011)).

14             To prevail on a motion for injunctive relief, "there must be a relationship between

15   the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying

16   complaint."  Pac. Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir.

17   2015).  Thus, there must be a nexus between the claims raised in the motion and the claims in the

18   underlying complaint itself.  See id.  This nexus is satisfied where the preliminary injunction

19   would grant "relief of the same character as that which may be granted finally."  See id. (quoting

20   De Beers Consol. Mines, 325 U.S. 212, 220 (1945)).

21             In the pending motions, the last of which was served on February 10, 2025,

22   Plaintiff states that he was scheduled for criminal sentencing on February 14, 2025, and that, after

23   sentencing, he would be subject to transfer to a prison "anywhere in the State of California."  See

24   e.g. ECF No. 38, pg. 1.  Plaintiff states that, if he is transferred, he will "run the risk of all my

25   discovery, interrogatories, and answers to interrogatories of potentially being lost."  Id. at 2.

26   Plaintiff seeks issuance of a "stay and abeyance order" to prevent his transfer following

27   sentencing.  See id.  It is unknown whether Plaintiff was sentenced on February 14, 2025, and the

28   docket does not reflect that Plaintiff has been transferred from the Sacramento County Main Jail.

1       The Court finds that injunctive relief is not appropriate.  First, Plaintiff has not

2   demonstrated the likelihood of irreparable injury.  To the contrary, Plaintiff acknowledges that

3   any harm he may suffer is speculative in that he might "run the risk" of being separated from his

4   legal materials if he is transferred from the Sacramento County Mail Jail.  Second, the relief

5   Plaintiff seeks in the pending motions – an order preventing his transfer – has no nexus to the

6   underlying claims presented in this case or the ultimate relief requested.  Thus, Plaintiff has not

7   demonstrated a likelihood of success on the merits of claims associated with the pending motions.

8   Third, it does not appear that the officials who would be responsible for any decision to transfer

9   Plaintiff upon sentencing are parties to this action.

10      Based on the foregoing, the undersigned recommends that Plaintiff's motions for

11  injunctive relief, ECF Nos. 37 and 38, be denied.

12      These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

14  after being served with these findings and recommendations, any party may file written objections

15  with the Court.  Responses to objections shall be filed within 14 days after service of objections.

16  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

17  Ylst, 951 F.2d 1153 (9th Cir. 1991).

18

19  Dated:  March 4, 2025

20                                                      _____
                                                        DENNIS M. COTA
21                                                      UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

3