**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD EUGENE JAMES, | No. 2:23-CV-0853-DC-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RICHARDSON, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.   Pending before the Court are Plaintiff's motions for injunctive relief.  See ECF Nos. 42 and 44.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  When a mandatory injunction is sought – one that goes beyond simply maintaining the status quo during litigation – the moving party bears a "doubly demanding" burden and must establish that the law and facts clearly supports injunctive relief. See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (en banc).  Mandatory injunctions are "particularly disfavored" and "should not issue in doubtful cases."  Id. (internal quotations

1  omitted).

2          To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely

3  on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."

4  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under

5  Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits;

6  (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of

7  hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d

8  at 1127 (citing Winter, 129 S.Ct. at 374).  The Ninth Circuit also recognizes an additional

9  standard: "if a plaintiff can only show that there are 'serious questions going to the merits' – a

10  lesser showing than likelihood of success on the merits – then a preliminary injunction may still

11  issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two Winter

12  factors are satisfied.'"  See Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir.

13  2013) (quoting Alliance for the Wild Rockies v. Cottress, 632 F.3d 1127, 1135 (9th Cir. 2011)).

14          To prevail on a motion for injunctive relief, "there must be a relationship between

15  the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying

16  complaint."  Pac. Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir.

17  2015).  Thus, there must be a nexus between the claims raised in the motion and the claims in the

18  underlying complaint itself.  See id.  This nexus is satisfied where the preliminary injunction

19  would grant "relief of the same character as that which may be granted finally."  See id. (quoting

20  De Beers Consol. Mines, 325 U.S. 212, 220 (1945)).

21          The Court cannot issue an order against individuals who are not parties to the

22  action.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

23  Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the

24  prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is

25  some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S.

26  395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).  Finally,

27  pursuant to the Prison Litigation Reform Act, any injunction with respect to prison conditions

28  "must be narrowly drawn, extend no further than necessary to correct the harm the court finds

2

1    requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18

2    U.S.C. § 3626(a)(2); see also Wonnacott v. Heehn, 2021 WL 970453 (D. Oregon 2021).

3         In his motion at ECF No. 42, Plaintiff seeks an order from this Court directing that

4    Plaintiff, who is currently in the custody of the California Department of Corrections and

5    Rehabilitation (CDCR), be transferred to the Sacramento County Main Jail. Plaintiff's one-page

6    motion, however, does not provide any factual or legal support for his request. Additionally, the

7    defendants to this action are Sacramento County officials, and the Court cannot issue an order

8    directed to CDCR officials who are not parties.

9         In his motion at ECF No. 44, Plaintiff seeks an order directing unnamed prison

10   officials at the California Substance Abuse Treatment Facility, where Plaintiff is currently

11   housed, to provide him with "legal envelopes." As with Plaintiff's motion at ECF No. 42, the

12   Court cannot issue an order directed to unnamed individuals who are not parties to this action.

13   Further, Plaintiff has not shown any possibility of irreparable injury stemming from the lack of

14   "legal envelopes." To the extent Plaintiff seeks additional time to meet deadlines in this case, the

15   Court will entertain appropriate requests supported by a showing of good cause.

16        Finally, as to both motions – Plaintiff's motion seeking transfer for unstated

17   reasons, and Plaintiff's motion for "legal envelopes" – relief is not available because Plaintiff has

18   not demonstrated any nexus between the relief requested and the First Amendment retaliation

19   claims or Eighth Amendment deliberate indifference claims upon which this case proceeds.

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

3

1         Based on the foregoing, the undersigned recommends that Plaintiff's motions for

2    injunctive relief, ECF Nos. 42 and 44, be denied.

3         These findings and recommendations are submitted to the United States District

4    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

5    after being served with these findings and recommendations, any party may file written objections

6    with the Court.  Responses to objections shall be filed within 14 days after service of objections.

7    Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

8    Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10   Dated:  July 3, 2025

11   _____

12   DENNIS M. COTA
     UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28