**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

RONALD EUGENE JAMES,

Plaintiff,

v.

RICHARDSON, et al.,

Defendants.

No. 2:23-CV-0853-DC-ICD-P

FINDINGS & RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for a preliminary injunction, ECF No. 52. The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). When a mandatory injunction is sought—one that goes beyond simply maintaining the status quo during litigation—the moving party bears a "doubly demanding" burden and must establish that the law and facts clearly support injunctive relief. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (*en banc*). Mandatory injunctions are "particularly disfavored" and "should not issue in doubtful cases." *Id.* (internal quotations omitted).

To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). Under *Winter*, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing

*Winter,* 555 U.S. at 20).

To prevail on a motion for injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). Thus, there must be a nexus between the claims raised in the motion and the claims in the underlying complaint itself. See id. This nexus is satisfied where the preliminary injunction would grant "relief of the same character as that which may be granted finally." *See id.* (quoting *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945)).

The Court cannot issue an order against individuals who are not parties to the action. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. *See Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Johnson v. Moore*, 948 F.3d 517, 519 (9th Cir. 1991) (*per curiam*). Finally, pursuant to the Prison Litigation Reform Act, any injunction with respect to prison conditions "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Wonnacott v. Heehn*, 2021 WL 970453 (D. Or. 2021).

Plaintiff is an inmate at California State Prison - Corcoran (CSPC). ECF No. 52. He brought a suit against various Sacramento County Defendants while he was an inmate at Sacramento County Main Jail. ECF No. 1. Plaintiff asks that the Court enjoin various prison officials from: 1) soliciting inmates to murder him; 2) maliciously moving Plaintiff to new prisons; 3) violating Plaintiff's rights to access the courts; 4) giving inmate Michael Bruce Anthony McPherson Plaintiff's prison identification for unlawful means; and 5) removing confidential correspondence from envelopes without cause. ECF No. 52 at 1. Plaintiff also requests that the Court order the California Department of Corrections and Rehabilitation to provide Plaintiff with all mail from the Eastern District of California and move Plaintiff back to Sacramento County Main Jail. *Id.*

To prevail on a motion for injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation*, 810 F.3d at 636. Plaintiff's Third Amended Complaint, upon which this action proceeds, alleges civil rights violations by Sacramento County defendants. *See* ECF No. 10. Plaintiff asks the Court for injunctive relief from actions of CSPC officials with no connection to the operative complaint. *See* ECF Nos. 10, 52. The Court cannot grant Plaintiff's request for an injunction against those not party to the case before this Court. The Court cannot issue an order against individuals who are not parties to the action. *See Zenith*, 395 U.S. at 112.

Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. *See Preiser*, 422 U.S. at 402-03. Here, Plaintiff has filed suit against Sacramento County Defendants but requests an injunction against California State Prison officials not before this Court. While Plaintiff requests a transfer back to Sacramento County Main Jail, the Court does not have jurisdiction over the non-party state officials to order that transfer. *See id*.

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff's motion, ECF No. 52, be DENIED. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).

Within **14 days** after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within **14 days** after service of objections. Failure to file objections within the specified time may waive the right to appeal. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 12, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE