**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

RONALD EUGENE JAMES,

Plaintiff,

v.

RICHARDSON, et al.,

Defendants.

No. 2:23-cv-0853-DC-ICD-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are: (1) ECF No. 53, Defendants' motion to compel discovery and motion to modify the scheduling order; (2) Plaintiff's motion to reopen discovery, ECF No. 56, and; (3) Plaintiff's motion to compel discovery and modify the scheduling order, ECF No. 58. Plaintiff's motion for preliminary injunction, ECF No. 52, will be addressed by separate findings and recommendations.

**A. Motion to Compel Discovery and Modify Scheduling Order**

Defendants bring a motion to compel discovery and motion to modify the scheduling order after Plaintiff refused to testify at his remote deposition. ECF No. 53. Plaintiff opposes Defendants' motion in his filing, ECF No. 54.

On March 3, 2026, Defendants noticed Plaintiff for a remote deposition to occur on March 26, 2026. ECF No. 53 at 2. Plaintiff appeared via Zoom, but refused to answer questions, stating that he would only appear for an in-person deposition. *Id.* This Court previously provided leave for Defendants to conduct a deposition by video conference, pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California. ECF No. 34 at 2. Defendants filed this motion to compel Plaintiff's attendance. ECF No. 53 at 2.

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may

move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

Plaintiff's failure to answer questions and cooperate at the properly noticed deposition is in violation of this Court's scheduling order. ECF No. 34 at 2. In order to effectuate the discovery process, Plaintiff will be ordered to appear at a properly noticed deposition, which may be conducted remotely. The Court will modify the discovery order to ensure time is available for Defendants to depose Plaintiff.

**B. Plaintiff's Discovery Motions**

Plaintiff makes two motions before this Court: that discovery be reopened for 90 days, ECF No. 56, and that Defendants be compelled to answer and produce certain discovery requests by Plaintiff, ECF No. 58. Defendants object to Plaintiff's motions, noting that discovery was only open until March 27, 2026, with discovery requests required to be served 60 days prior. *See* ECF No. 60 at 1; ECF No. 51 (order granting motion to modify discovery schedule); ECF No. 34. Plaintiff served his discovery requests on February 3, 2026, outside the timeline for such requests. ECF No. 58 at 5.

Plaintiff signed his discovery requests on February 3, 2026. ECF No. 58 at 6. Defendants contend that they were not served the discovery requests until March 3, 2026. ECF No. 60 at 2. This Court generally acts with leniency toward pro se plaintiffs, especially those who are incarcerated. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims filed by inmates."); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Furthermore, the prisoner mailbox rule deems a document filed "'at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk.'" *Douglas v. Noelle*, 567 F.3d 1103, 1106 (9th Cir. 2009) (quoting *Houston v. Lack*, 487 U.S. 266, 276

(1988)).

Because Plaintiff signed his Proof of Service document while incarcerated on February 3, 2026, and he notes the difficulty of making copies when the prison's law library is closed, the Court rules that his non-compliance with the strict terms of the scheduling order should not defeat his discovery requests. *See* ECF Nos. 56, 58.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to compel Plaintiff's participation in a deposition, ECF No. 53, which may be conducted remotely, is GRANTED.

2. Plaintiff's motion to reopen discovery, ECF No. 56, is GRANTED, as it pertains to the discovery requests which Plaintiff previously provided.

3. Plaintiff's motion to compel discovery, ECF No. 58, for the production of documents and responses to interrogatories, is GRANTED.

4. The parties may conduct discovery until **February 24, 2027**. Discovery during this period must be limited to the deposition, interrogatories, and production of documents previously requested.

5. All dispositive motions are due **May 25, 2027**.

Dated: November 12, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE